IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-232-DGW-SCW |
| | ) | |
| ALL ACQUISITIONS, LLC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Remand filed by Plaintiff, Michael Burns, on March 19, 2014 (Doc. 224). For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

On February 19, 2014, Defendant United Technologies Corporation ("UTC," who is sued as Pratt & Whitney Company) removed this matter from the Circuit Court of Madison County, Illinois pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). The Complaint alleges that Plaintiff was exposed to asbestos, during his job as a construction worker, that was contained in products manufactured, sold, distributed, or installed by Defendants (Complaint, Doc. 2-2, pp. 7-8). Plaintiff became aware, on November 4, 2013, that he developed Mesothelioma, a fatal disease linked to asbestos containing products (*Id.* at 13). The Complaint sets forth 10 counts, based on state law, against various Defendants. The Complaint also affirmatively states that "The Federal Courts lack subject matter jurisdiction over this action . . . . Removal is improper." (*Id.* at 14). However, in the Notice of Removal, UTC states that, based on Plaintiff's responses to discovery, "the only reasonable source of asbestos exposure from UTC

aircraft engines is during plaintiff's service in the U.S. Navy" (Doc. 2).

On February 21, 2014, UTC filed a Motion to Withdraw the Notice of Removal (Doc. 7). However, on March 5, 2014, Defendant, The Boeing Company, sought to join in the Notice (Doc. 134). On June 13, 2014, a hearing was held on the two Motions, in addition to the Motion to Remand that Plaintiff had filed on March 19, 2014 (Doc. 224) to which Boeing filed a response (Doc. 401). In a June 20, 2014 Order, this Court denied the Motion to Withdraw and granted the Motion to Join (Doc. 753). This Court also took Plaintiff's Motion to Remand under advisement and indicated that any Defendant seeking to respond to the Motion should do so by June 23, 2014 and that Plaintiff may file a reply by June 27, 2014. No other response has been filed and Plaintiff has not filed a reply brief.[1]

On July 2, 2014, The Boeing Company was dismissed without prejudice pursuant to a stipulation (Doc. 809).

## DISCUSSION

Title 28 U.S.C. §1447(c) provides that "[i]f at any time before final judgment it appears that the district court lack subject matter jurisdiction, the case shall be remanded." Subject matter jurisdiction in this case was based solely on the potential applicability of 28 U.S.C. § 1442(a) which provides that cases brought against a "federal officer and their agents for actions done under the immediate direction of the national government," may be removed to federal court. *Ruppel v. CBS Corp.,* 701 F.3d 1176, 1179–1180 (7th Cir. 2012) (citations and quotation marks removed); 28 U.S.C. § 1442. No party has established any other basis for federal subject matter jurisdiction. Plaintiff only is alleging state law claims and there does not appear to be diversity of citizenship.

---

[1] At a hearing held on June 13, 2014, Defendant, Crane Co., indicated that it may file a motion to join the Notice of Removal. No such motion has been filed and Crane Co. was dismissed, by stipulation, on July 2, 2014 (Doc. 809).

"The well established general rule is that jurisdiction is determined at the time of removal and nothing filed after removal affects jurisdiction." *In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010). Thus, "federal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court." *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998). However, "if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over the state-law claims." *Id.*; 28 U.S.C. § 1367(c). In determining whether to relinquish jurisdiction, the Court considers whether there is a statute of limitations that would bar refiling in state court, whether substantial federal resources have been expended, and "where it is obvious how the claims should be decided." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904 (7th Cir. 2007) (citing *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)). None of these factors would result in the continued exercise of jurisdiction in this matter. The statute of limitations is irrelevant as this matter is not being dismissed; substantial federal resources have not been expended; and, it is not obvious how this matter should be resolved. Accordingly, this matter is **REMANDED**.

## CONCLUSION

For the foregoing reasons, the Motion to Remand filed by Plaintiff, Michael Burns, on March 19, 2014 (Doc. 224) is **GRANTED**. This matter is **REMANDED** to the Circuit Court of Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED: August 22, 2014**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**